### WALKER HARGROVE v. THE STATE.

#### No. 4317.   Decided May 20, 1908.

**Carrying Pistol—Evidence—Other Offenses.**

Upon trial for unlawfully carrying a pistol it was reversible error to admit testimony relating to attempts on the part of the defendant to shoot parties, and to shoot up the town at other times and on other occasions, where his defense was that his life was in danger, etc., at the time he carried the pistol.

Appeal from the County Court of Whichata. Tried below before the Hon. M. F. Yeager.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully carrying a pistol and his punishment assessed at a fine of $100.

Bill of exceptions No. 1 shows that counsel for the State asked witness, Luther Winn, if it was not a fact that the defendant every now and then was accustomed to shoot up the town of Bowie. This question and the answer thereto the defendant objected to on the ground that said question and the answer thereto were irrelevant and immaterial to any issue involved in the case, and was calculated to be highly prejudicial to the rights of the defendant.

Bill No. 2 shows that State's counsel asked the witness, John Craig, if it was not a fact that defendant had shot other men in Bowie besides Adams and Wailes. Witness answered that he had heard of defendant's shooting other parties down there and that he had heard that the defendant on more than one occasion had been guilty of shooting down there.

Bill No. 3 shows that the State was permitted to prove by John Craig that it was a fact that a number of local option cases had been filed against defendant in Montague County. Appellant objected to this on the ground that it did not involve moral turpitude. The defense relied upon in this case, was that the danger to appellant was so threatening and imminent that he armed himself with a pistol to protect his person. Were it not for this defense, in view of the fact that the minimum fine was imposed, the above matters would not be bases for reversal, but it clearly appears to us that said testimony, illegally admitted, could be used improperly to discredit appellant's defense and, therefore, it is reversible error in the light of the facts of this case to have admitted same. Appellant was merely being tried for carrying a pistol. The fact that he killed parties, or attempted to kill parties, shot or attempted to shoot them, was not germane to any issue then being tried and the court erred in admitting same. It was rendered doubly injurious by the introduction of hearsay testimony.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*